UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE CO.,

        Appellant,

v.

        CASE NO. 16-CV-10428
        HONORABLE GEORGE CARAM STEEH

TERESSA ANN HARRIS,

        Appellee.
_____/

### ORDER AFFIRMING BANKRUPTCY COURT

Appellant Citizens Insurance Co. ("Citizens"), a creditor of appellee Teressa Harris ("Harris"), appeals a decision of the Bankruptcy Court denying its motion to reopen Harris' Chapter 7 case. Citizens sought to reopen the case claiming it never received notice of the bankruptcy petition until it received the final discharge notice. Pro se appellee has not filed a response brief and the time period for doing so has expired. No hearing shall be held pursuant to Bankruptcy Rule 8019(b)(3) as the facts and legal arguments are adequately presented in the briefs and the record below, and the decisional process would not be significantly aided by oral argument. Because Citizens has not overcome the presumption of receipt, the Bankruptcy Court shall be affirmed.

### A. Background

On August 3, 2015, debtor Teressa Harris, acting pro se, filed a Chapter 7 petition. On her petition, she listed Citizens on Schedule F as a creditor holding an unsecured nonpriority claim. (Bankruptcy Case 15-51561, ECF Doc. 1). The address listed for Citizens was the name of its attorney Grant O. Jaskulski at 25900 Greenfield

Road, Suite 650, Oak Park, Michigan 48237, who represented Citizens in its state court lawsuit against Harris. The state court lawsuit involved Citizens' claim to recover payments to Harris for attendant care services she allegedly provided to Citizens' insured which it asserted she never provided. Citizens obtained a default judgment against Harris in the amount of $81,902.76. In her bankruptcy case, Harris asserted that she did in fact provide services to the insured but was unable to defend herself in the state court case because the documents were sent to her prior address, and by the time she received notice of the lawsuit, a default judgment had already been entered against her. *Id.* at ECF Doc. 24. Harris claims that once she received notice of the default judgment and a garnishment order, she filed for bankruptcy relief as the garnishment would cause her to lose everything. *Id.*

On August 12, 2015, the Bankruptcy Noticing Center issued a Certificate of Notice certifying, under penalty of perjury, that it had sent notice by first class mail of Harris' Chapter 7 bankruptcy case to eleven creditors, including Citizens. *Id.* at ECF Doc. 17. The Certificate of Notice listed the address for Citizens Insurance Company as its counsel, Hewson & Van Hellemont, P.C., 25900 Greenfield Road, Suite 650, Oak Park, Michigan, 48237-1292. *Id.* The Notice advised creditors not to file a proof of claim as "[t]here does not appear to be any property available to the trustee to pay creditors." No creditors filed a proof of claim. On November 10, 2015, the bankruptcy judge granted Harris a discharge under 11 U.S.C. § 727.

On November 12, 2015, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent the discharge notice by first class mail to Harris' creditors, including Citizens. *Id.* at ECF Doc. 22. The Certificate of

-2-

Notice provided the same address for Citizens as listed on the prior Certificate of Notice. *Id.* Citizens admits it received the notice of discharge. On December 15, 2015, Citizens filed its motion to reopen the case on the grounds that it never received the initial notice of the bankruptcy case. Citizens alleged that the debt Harris owed to it was not dischargable in bankruptcy because the debt was based on false pretenses, a false representation, or actual fraud. *See* 11 U.S.C. § 523(a)(2)(A). *Id.* at ECF Doc. 23.

On January 21, 2016, a hearing was held on Citizens' motion to reopen the Chapter 7 case. Harris represented herself, and attorney Grant O. Jaskulski represented Citizens. At the hearing, Jaskulski stated that he never received notice of the bankruptcy petition and was seeking to reopen the case in order to bring a complaint to contest whether the debt against Harris could be discharged. *Id.* at ECF Doc. 45. Jaskulski admitted his sole basis for reopening the case was his statement that he never received the notice. *Id.* He relied solely on his testimony at oral argument, as well as his affidavit, stating that he never received any notifications regarding the bankruptcy proceedings, from the court or otherwise, prior to November 13, 2015, when he learned from debtor's employer that she had filed a Chapter 7 bankruptcy petition. *Id.* at ECF Doc. 23, Ex. 5 at ¶¶ 7-8. His affidavit further stated that "I have diligently checked for any mailings regarding this proceeding, but have only been able to locate a Notice regarding Harris' discharge, which was entered on November 10, 2015." *Id.* at ¶ 10. No other member of Jaskulski's firm submitted an affidavit, nor was any mention made of the firm's business practices regarding the opening and routing of mail in either his affidavit or testimony. At the hearing and in its

written opinion, the Bankruptcy Court ruled that counsel's mere affidavit that he had not received the notice was insufficient to overcome the rebuttable presumption of receipt.

## B. Standard of Law

The court reviews the Bankruptcy Court's decision not to reopen the case under the abuse of discretion standard. *In re Smyth*, 470 B.R. 459, 461 (B.A.P. 6th Cir. 2012). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Gourlay v. Sallie Mae, Inc.* (*In re Gourlay*), 465 B.R. 124, 126 (B.A.P. 6th Cir. 2012) (quoting *Wietschner v. Ortino* (*In re Ferro Corp. Derivative Litig.*), 511 F.3d 611, 623 (6th Cir. 2008)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000).

## C. Analysis

The Bankruptcy Court held that a proof of mailing by the Bankruptcy Noticing Center creates a rebuttable presumption of receipt that must be rebutted by clear and convincing evidence, and that counsel's simple affidavit that he did not receive notice was insufficient to meet his burden. *Id.* at ECF Doc. 30. Citizens argues that the Bankruptcy Court erred by using the incorrect standard, and that his affidavit of non-receipt was sufficient to overcome the rebuttable presumption. In support of this argument, Citizens relies primarily on the Sixth Circuit's leading case on the issue, *In re Yoder Co.*, 758 F.2d 1114 (6th Cir. 1985), but Citizens has oversimplified the holding of

that case. In *Yoder*, a creditor whose claim was barred as untimely appealed that ruling on the basis that he never received notice of the latest date for filing proofs of claims. *Id.* at 1116. The Bankruptcy Court ultimately found that Yoder had failed to overcome the presumption of receipt. *Id.* at 1120. In doing so, the Sixth Circuit ruled that an affidavit, standing alone, may be sufficient to overcome the presumption of receipt, but once the presumption is neutralized, the court must consider all of the evidence to determine whether notice was received. *Id.* The facts of *Yoder* involved much more than a simple denial of non-receipt, and courts have interpreted the broad language of *Yoder,* that an affidavit of non-receipt can rebut the presumption, in a very narrow fashion. *See In re Hoback*, 200 B.R. 28, 30-31 (Bankr. W.D. Ky. 1995) (collecting cases).

*Yoder* does not help Citizens' predicament here for two reasons. First, and most significantly, unlike the instant action, the presumption in *Yoder* was not based on notice mailed by the Bankruptcy Noticing Center from the court's matrix. In *Yoder*, the Sixth Circuit ruled that the Bankruptcy Court erred in relying on the presumption because there was no evidence that the bar letter was ever mailed to the creditor. 758 F.2d at 1120. Unlike the instant case which involved notice mailed by the Bankruptcy Noticing Center, where Citizens was listed on the debtor's Schedule F and Creditor Matrix, in *Yoder*, the creditor was not listed on the matrix in the file and the notices were not sent by the Bankruptcy Noticing Center but by the Cleveland Letter Service. *Id.* Significantly, based on the testimony of the deputy clerk, the record was unclear whether the Bankruptcy Court sent the Letter Service address labels prepared by the debtor or ones supplied by the Court and there was no record of the actual labels used. *Id.* at 1120-21.

Moreover, Yoder's employee testified that although he checked the labels against the amended schedule, there were 1,442 labels and a mistake could easily have been made. *Id.* at 1121. The Court of Appeals found that since Yoder had omitted the creditor from the matrix, it was equally likely that it had omitted it from its labels as well. *Id.*

In this case, by contrast, there is no dispute that Citizens was listed on the Creditor Matrix, that the Bankruptcy Noticing Center issued a Certificate of Notice by first class mail on August 12, 2015, of the notice of the bankruptcy case, meeting of creditors, and deadlines, to the correct office address of Hewson & Van Hellemont, P.C., 25900 Greenfield Road Suite 650, Oak Park, Michigan 48237-1292, the law firm representing Citizens in the contemporaneous state court proceeding. (Bankruptcy Case 15-51561, ECF No. 17). Unlike *Yoder*, where it was unclear which labels were mailed and whether the debtor or the Bankruptcy Court prepared the labels; in this case, there is proof that the notice was mailed to the correct listed address based on the Certificate of Notice which was filed under penalty of perjury by an employee of the Bankruptcy Noticing Center. In addition, Citizens admits that it received notice of the discharge of the debtor which the Bankruptcy Noticing Center mailed on November 12, 2015 to the same address. It should be obvious that the rebuttable presumption arising from a proof of service mailed by an employee of the Bankruptcy Noticing Center under penalty of perjury is entitled to greater deference than that owing under the muddled record in *Yoder*.

Second, *Yoder* is also distinguishable from the instant case because considering the totality of the circumstances, Citizens has not established that it did not receive

notice. In *Yoder*, it was not enough that the creditor submitted an affidavit that it did not receive notice of the deadline for filing a proof of claim; rather, the Bankruptcy Court was required to consider all of the evidence in making its determination of non-receipt. *Id.* at 1120. Besides proof that the labels used may not have been supplied by the Bankruptcy Court but only by the debtor, that the creditor was not listed on the matrix, and the labels were likely incomplete, the Sixth Circuit found cumulative circumstantial evidence that the notice was never sent. Specifically, only four of twenty similarly situated creditors filed proofs of claims, and attorneys of two other claimants testified that they had not received notice either. *Id.* at 1121. Given this convoluted record, the Court of Appeals held that the creditor had established excusable neglect for its failure to timely file a claim. *Id.*

No such circumstantial evidence exists here. Citizens claims the facts here are similar to those in *Yoder* because none of the other eleven creditors attended the meeting of creditors or filed proofs of claim. This is of no consequence because the notice of the bankruptcy in this case specifically provided, "There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time*. If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim." (Bankruptcy Case 15-51561, ECF No. 17). In addition, unlike *Yoder*, none of the other creditors denied receiving notice of the bankruptcy case.

Moreover, Citizens has not rebutted the presumption for an additional reason. Citizens relies solely on the affidavit of one attorney, namely Jaskulski, at the Hewson & Van Hellemont law firm. *Id.* at ECF No. 23, Ex. 5. The Certificate of Notice was not

addressed to him individually, however, but to the law firm generally.  *Id.* at ECF No. 17.  No other member of the firm has submitted an affidavit, nor has Citizens presented any evidence as to how the firm handled and routed mail.  Jaskulski's affidavit, at best, merely establishes that he, himself, did not receive the notice of the bankruptcy case, but does not rebut the presumption that other individuals at his law firm received the notice.  The Sixth Circuit has held that notice to a party's attorney by first class mail is generally sufficient.  *Lampe v. Kash*, 735 F.3d 942, 943 (6th Cir. 2013).  Service by first class mail to Citizens' counsel by the Bankruptcy Noticing Center was "reasonably calculated to reach interested parties," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950), and thus satisfied the requirements of due process.  Citizens' claim that it did not receive the notice is not sufficient.  "To allow a simple denial of receipt, standing alone, to rebut the presumption would be to destroy the presumption entirely."  *In re Smith Mining & Mat., LLC*, 399 B.R. 199, 202 (Bankr. W.D. Ky. 2008) (quoting *In re Patterson*, 330 B.R. 631, 638 (Bankr. E.D. Tenn. 2005)).  As one court has noted, "If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would become unraveled."  *In re Bennett*, 135 B.R. 72, 76 n.1 (Bankr. S.D. Ohio 1992) (internal quotation marks and citation omitted).  In sum, because Citizens has failed to rebut the presumption of receipt, the order of the bankruptcy court is AFFIRMED.

     IT IS SO ORDERED.

Dated:  July 13, 2016

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 13, 2016, by electronic and/or ordinary mail and also on Teressa Ann Harris, 18894 Greely Street, Detroit, MI 48203, and Charles L. Wells, III, 903 N Opdyke Rd, # A2 Auburn Hills, MI 48326.

s/Barbara Radke
Deputy Clerk